**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| T-REX PROPERTY AB, | |
|                 Plaintiff, | Judge John Robert Blakey |
| v. | |
| BARCO, INC., | Civil Action No. 16-cv-06938 |
|                 Defendant. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT BARCO'S MOTION TO STRIKE PURSUANT TO RULE 12(f)**

## INTRODUCTION

In moving to strike twenty-two (22) paragraphs (paragraph numbers 23-44) and two declarations of T-Rex's Amended Complaint, Barco misconstrues and misrepresents the nature of the allegations and argues that answering these paragraphs would be unduly burdensome and prejudicial. The paragraphs and declarations Barco seeks to strike are relevant to T-Rex's claim that Barco infringed valid claims of the Patents-In-Suit and do *not* set forth immaterial allegations or extensive legal argument as Barco represents. They contain facts and some expert opinions regarding the Patents-In-Suit, and these facts and expert opinions address patent validity and infringement, the technology at-issue, and the state of the prior art, thus making them central to whether Barco infringed valid claims of the Patents-In-Suit. The two declarations—an expert declaration of Zaydoon Jawadi and a declaration of inventor Mats Hylin—attest to issues such as invalidity, claim construction, and infringement, as do paragraphs 23-44 of the Amended Complaint, which, in part, quote and reference the declarations. The declarations and paragraphs also provide this Court with important background information on the relevant technology, conception of the inventions, and the state of the prior art at the time of invention.

Because paragraphs 23-44 provide relevant facts and information to T-Rex's claim, there is no way Barco will suffer prejudice from having to answer these twenty-two (22) paragraphs of the Amended Complaint. These paragraphs clarify rather than confuse the issues and do not place an undue burden on Barco. In fact, defendants have answered the same exact twenty-two (22) paragraphs in other cases where T-Rex has asserted the Patents-In-Suit, and Barco fails to articulate any valid reason for why answering the paragraphs would cause prejudice.

## ARGUMENT

A motion to strike portions of a pleading is a drastic measure and not favored. *United States v. Crown Zellerbach Corp.*, 141 F. Supp. 118, 131 (N.D. Ill. 1956). A motion to strike "will be

1

denied if the allegations may have some bearing upon the subject matter of the litigation and are not clearly irrelevant." *Id*. In addition to the issue of relevancy, motions to strike will not be granted unless the allegations are clearly prejudicial. *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992), *quoting Simmons v. John F. Kennedy Medical Center*, 727 F. Supp. 440, 442 (N.D. Ill. 1989). The movant, here Barco, bears the burden of showing paragraphs 23-44 and the declarations of the Amended Complaint are clearly irrelevant and prejudicial to answer. *Woodson v. Cook County Sheriff*, Case No. 96-cv-3864, 1996 U.S. Dist. LEXIS 15475, at *13-14 (N.D. Ill. Oct. 18, 1996).

I. <u>**Summary of the declarations and paragraphs of the Amended Complaint**</u>

Barco moves to strike the declarations of Mats Hylin and Zaydoon Jawadi as well as paragraphs 23-44 of the Amended Complaint, which reference and quote the declarations. The declaration of Mats Hylin, a named inventor of the '470 Patent and '334 Patent, attests to facts regarding the conception of the inventions and the background and state of the prior art—namely the state of the technology of digital signage systems. (*See,* D.I. 25, Am. Compl. at Ex. D.) The declaration of Zaydoon Jawadi, a computer expert and consultant, attests to the problems solved by the claimed inventions of the Patents-In-Suit, the state of the prior art, and the construction of claim terms in referencing the prosecution history, specification, and asserted claims of the Patents-In-Suit. (*See, id.* at Ex. E.) Jawadi's declaration also provides background in the relevant technology of digital signage systems, including the state of the prior art at the time of the inventions and the specific technologies addressed by each of the asserted claims of the Patents-In-Suit. (*See generally, id*.)

With respect to the paragraphs that reference the declarations, paragraph 23 of the Amended Complaint references the Hylin declaration and alleges facts regarding the conception of the inventions and state of the prior art at the time of the inventions. (*Id*. at ¶ 23.) Paragraphs

2

24-31 reference the Jawadi declaration and allege facts and opinion regarding the state of the prior art, the background in the relevant technology, and the asserted claims (*i.e.*, claims 25 and 26) of the '470 Patent. (*Id.* at ¶ 24-31.) In doing so, these paragraphs discuss how the claims solved problems in the technology and improved the way the technology functioned at the time of the inventions in 1996. (*See*, *id.*) These paragraphs also discuss the meaning of certain claim terms at the time of the invention and distinguish claim 25 from claim 26 of the '470 Patent. (*See, id.*) Similar to how paragraphs 24-31 allege facts and information regarding the asserted claims of the '470 Patent, paragraphs 32-39 allege facts and information regarding the asserted claims of the '334 Patent, and paragraphs 40-44 allege facts and information regarding the asserted claims of the '603 Patent. (*See, id.* at ¶¶ 32-44.)

II.     **The declarations and paragraphs are relevant to T-Rex's claims that Barco infringed valid claims of the Patents-In-Suit.**

The two declarations and paragraphs 23-44 of the Amended Complaint are relevant to T-Rex's infringement claims and directly connected to material issues in the case, including validity, claim construction, and infringement. In an analogous case, *Magnavox Co. v. APF Elecs., Inc.*, the defendant moved to strike allegations and an exhibit of plaintiff's complaint that alleged patent infringement. 496 F. Supp. 29, 35-36 (N.D. Ill. 1980). This court denied defendant's motion to strike, holding that the allegations defendant sought to strike were relevant because they related to the validity of the patent being asserted. *Id.* Like the allegations and exhibit defendant sought to strike in *Magnavox*, the declarations and paragraphs 23-44 of the Amended Complaint are relevant to T-Rex's claim in at least the following ways:

- Patent validity under 35 U.S.C. § 101. For instance, the issue of subject matter eligibility under the second step of the current two-step *Alice* framework addresses whether the invention was known in the industry or well-understood, routine, or conventional at the time of filing. *See,*

3

*e.g., Alice Corp. Pty. v. CLS Bank Intern.*, 134 S. Ct. 2347, 2359 (2014) (discussing eligibility and whether claim limitations were directed to "well-understood, routine conventional activities previously known to the industry"). Because the declarations and paragraphs discuss the state of the prior art as well as the improvements made thereto, they go directly toward whether the inventions were routine or conventional and are relevant to T-Rex's claims that Barco infringed the valid claims of the Patents-In-Suit.[1]

- Validity under 35 U.S.C. § 103. The two declarations and paragraphs of the Amended Complaint address the state of the prior art and the differences between the claimed inventions and the prior art. These facts are critical in determining whether the claims of the Patents-In-Suit are non-obvious and valid considering the prior art. *See, KSR Intern. Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1734 (2007) (discussing obviousness analysis).

- Claim construction and infringement. The Jawadi declaration and paragraphs 23-44 provide extrinsic evidence regarding the construction of claim terms, which may be considered in determining claim construction and infringement. *See, Teva Pharmaceuticals USA v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015) (discussing the use of extrinsic evidence during claim construction).

In addition to being highly relevant to the legal and factual issues surrounding T-Rex's claims, the paragraphs and declarations also provide background facts and information for this Court on the relevant technology of digital signage systems at the time of the invention. They inform the Court on how digital signage systems operated in 1996 (when the '470 Patent was filed), and how the claims improved upon and relate to the prior art systems. By providing this

---

[1] Along with its Motion to Strike, Barco simultaneously filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6) and 35 U.S.C. § 101. Barco's Motion to Dismiss belies its Motion to Strike because the declarations and paragraphs Barco seeks to strike directly relate to validity under 35 U.S.C. § 101.

background, the paragraphs and declarations aid in explaining how Barco's systems and methods infringe the asserted claims of the Patents-In-Suit. For this reason as well, this Court should not impose the drastic measure of striking the paragraphs from the Amended Complaint. *See, Boerstler v. American Medical Assoc.*, 16 F.R.D. 437, 447 (N.D. Ill. 1954) (denying defendant's motion to strike portions of a complaint because the allegations "furnish scientific background material which will assist the court in understanding the complaint"); *Crown Zellerbach Corp.*, 141 F. Supp. at 131 (denying a motion to strike because the allegations were "relevant to the controversy and provide a background for an understanding of the charges").

### III. Answering the paragraphs of the Amended Complaint does not prejudice Barco and Barco has failed to show otherwise.

There is no reason why Barco will be prejudiced by having to answer twenty-two (22) paragraphs of the Amended Complaint, and even Barco's motion fails to identify any valid reason for why it would be prejudiced. As discussed above, paragraphs 23-44 of the Amended Complaint provide meaningful information relevant to T-Rex's claims and clarify issues rather than confuse issues for pleading purposes. Having Barco answer these relevant paragraphs with an admission or denial will support—or at least flesh out—T-Rex's claim that Barco infringed the valid Patents-In-Suit. Notably, in cases where T-Rex asserted the same exact complaint allegations, defendants answered the complaint and admitted or denied the allegations as required under Rule 8(b) without suffering any prejudice. *See, e.g., T-Rex Property AB v. ContextMedia, Inc.*, Case No. 16-cv-4826 (N.D. Ill. Aug. 29, 2016) (providing defendants' answer to the same complaint allegations as here at docket entry number 27); *T-Rex Property AB v. Four Winds Interactive, LLC*, Case No. 16-cv-6934 (N.D. Ill. Oct. 18, 2016) (same at docket entry number 24).

Simply put, Barco, as other similarly situated defendants, can answer the paragraphs under Rule 8(b) without prejudice, and the cases relied upon by Barco in its motion are not applicable or

5

analogous. In *In Re "Agent Orange" Product Liability Litigation*, 475 F. Supp. 928, 936 (E.D. N.Y. 1979), the court struck 425 paragraphs of the complaint related to defendant's corporate history, which presumably had no relevance to plaintiff's claim (but allowed plaintiff to replead 68 paragraphs related to a chemical compound at issue); whereas here, Barco seeks to strike twenty-two (22) paragraphs related to T-Rex's claim. Likewise, the *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1441 (7th Cir. 2009), decision cited by Barco does not address whether complaint allegations were relevant to the claim or prejudicial to defendant and only held that the district court did not abuse its discretion in striking a portion of a counterclaim.

Barco's citation to *Walker v. Walker*, Case No. 11-cv-2967, 2011 U.S. Dist. LEXIS 95380 (N.D. Ill. Aug. 25, 2011), to support its argument that paragraphs 23-44 inject extensive legal argument is equally unpersuasive. First, paragraphs 23-44 do not allege legal conclusion, arguments, or citations, as discussed above. *See, Walker*, 2011 U.S. Dist. LEXIS 95380 at *3-4. Second, even if they did, there is no bar for pleading legal allegations in a complaint, and in *Walker*, the court only struck a paragraph citing a petition and extensive legal citations and arguments that belonged in a legal memorandum and could not be responded to under Rule 8(b). *Id*. at *4. It did *not* strike paragraphs alleging "certain facts and a few legal conclusions." *Compare, id.* at *4-5; with *Champion Labs., Inc. v. Cent. Ill. Mfg. Co.*, 2015 U.S. Dist. LEXIS 60422, *13-14 (N.D. Ill. May 8, 2015) (Blakey, J.) (rejecting defendant's argument that plaintiff improperly interjected a legal issue into the complaint and denying motion to strike allegations and exhibit to complaint because it was premature to conclude the information "bears no possible relation to Plaintiff's claim").

Finally, Barco's reliance on *Rose v. Bartle*, 871 F.3d 331, 339 n.3 (3d Cir. 1989) and *Perkins v. Silverstein*, 939 F.3d 463 (7th Cir. 1991) is misplaced because these cases address Rule

6

12(b)(6) motions, not motions to strike under Rule 12(f). Moreover, the 3rd Circuit *Rose* decision is in disagreement with prevailing 7th Circuit law that affidavits attached to the complaint are a part thereto for purposes of Rule 10(c), *see Schnell v. Chicago*, 407 F.2d 1084, 1085-86 (7th Cir. 1969), and the *Perkins* decision discussed the attachment of extensive newspaper articles, commentaries, and editorial cartoons—not two declarations.

## **CONCLUSION**

For the foregoing reasons, T-Rex respectfully requests that the Court deny Barco's Motion to Strike the declarations and paragraphs 23-44 of the Amended Complaint.

Dated:  January 5, 2017                    Respectfully submitted,

*/s/ Jacob R. Graham*
William Cory Spence (No. 6278496)
Jacob Robert Graham (No. 6309125)
SpencePC
405 N. Wabash Ave., Suite P2E
Chicago, Illinois 60611
312-404-8882
William.Spence@spencepc.com
Jacob.Graham@spencepc.com
*Counsel for Plaintiff*
*T-Rex Property AB*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2017, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

                                                /s/ *Jacob R. Graham*