# EXHIBIT B

**SpencePC**
IP AND COMPLEX LITIGATION

Jacob R. Graham
(312) 985 0480
Jacob.Graham@spencepc.com

February 15, 2017

**By Email**
Edward Runyan, Esq.
300 East Randolph Drive
Chicago, IL 60601
Edward.Runyan@bakermckenzie.com

      Re:     T-Rex Property AB v. Barco, Inc. 16-cv-6938 (N.D. Ill.)

Dear Ed:

      We write regarding Barco's Motion to Strike T-Rex's Initial Infringement Contentions and respectfully request Barco withdraw its Motion to Strike by 5:00 pm, February 16, 2017. Barco's Motion to Strike is premature, in violation of Rule 37, Local Rule 37.2, and Judge Blakey's Standing Order, and not a fruitful exercise for the parties or the Court. *See, Morningware, Inc. v. Hearthware Home Prods.*, 2010 U.S. Dist. LEXIS 98927, *22-23 (N.D. Ill. Sept. 22, 2010) (holding that infringement contentions are a part of discovery and fall under Local Rule 37.2).

      First, prior to filing its motion, Barco failed to comply with its meet and confer obligations pursuant to Rule 37, Local Rule 37.2, and Judge Blakey's Standing Order. Disturbingly, Barco failed to do so—and failed to even mention any issue with T-Rex's Initial Infringement Contentions—after (1) Barco amended and corrected its Non-Infringement and Invalidity Contentions, (2) T-Rex granted Barco an extension of time to respond to its Initial Infringement Contentions, and (3) Barco requested T-Rex to de-designate its Initial Infringement Contentions under the Protective Order. Had Barco contacted T-Rex in good-faith prior to filing its motion (as Barco is required to do), the parties could have addressed, and potentially resolved, the issues raised in the motion without the need to waste the court or parties' resources.

      Second, T-Rex's initial contentions are preliminary contentions that provide notice to Barco of T-Rex's theories of the case. *Sloan Valve Co. v. Zurn Indus.*, 2012 U.S. Dist. LEXIS 176554, *6-7, (N.D. Ill. Dec. 13, 2012) ("[S]pecifically, the purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case because, in practice, it is difficult to obtain such information through traditional discovery means, such as interrogatories."). Moving to strike Initial Infringement Contentions at the early stages of discovery accomplishes nothing because, *inter alia*, initial contentions may be supplemented, final contentions must be served, and "the Rules are not intended to confine a party to the contentions it makes at the outset of the case." LPR Preamble. Furthermore, Barco has responded to T-Rex's Infringement Contentions, so it appears Barco is sufficiently apprised of T-Rex's theories of the case at this stage.

Page 2 of 2
Edward Runyan, Esq.
February 15, 2017

      Please confirm that you will withdraw Barco's Motion to Strike by 5:00 pm, February 16, 2017. I am available by phone should you care to discuss.

Very truly yours,

   /s/ Jacob R. Graham

Jacob R. Graham