```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3    T-REX PROPERTY AB,              )  Docket No. 16 C 06938
                                      )
 4              Plaintiff,            )  Chicago, Illinois
                                      )  September 28, 2017
 5         v.                         )  10:38 a.m.
                                      )
 6    BARCO, INC.,                    )
                                      )
 7              Defendant.            )

 8
              TRANSCRIPT OF PROCEEDINGS - Motion Hearing
 9          BEFORE THE HONORABLE JOHN ROBERT BLAKEY

10
      APPEARANCES:
11

12    For the Plaintiff:    SPENCE PC, by
                            MR. JACOB R. GRAHAM
13                          MR. THEODORE CHIACCHIO
                            405 North Wabash Avenue
14                          Suite P2E
                            Chicago, IL 60611
15

16    For the Defendant:    NEUSTEL LAW OFFICES, LTD., by
                            MR. EDWARD K. RUNYAN
17                          2534 South University Drive
                            Suite 4
18                          Fargo, ND 58103

19

20    Court Reporter:       LISA H. BREITER, CSR, RMR, CRR
                            Official Court Reporter
21                          219 S. Dearborn Street, Room 1212
                            Chicago, IL 60604
22                          (312) 818-6683
                            lisa_breiter@ilnd.uscourts.gov
23

24

25
```

1        (In open court.)
2            THE CLERK:  16 C 6938, T-Rex Property vs. Barco, Inc.
3            MR. GRAHAM:  Good morning, your Honor.  Jacob Graham
4    on behalf of the plaintiff, T-Rex Property.
5            MR. CHIACCHIO:  Theodore Chiacchio on behalf of T-Rex.
6            THE COURT:  Counsel, did you have an opportunity to
7    see that recent filing for motion for leave to file a third
8    amended complaint?
9            MR. CHIACCHIO:  Yes, your Honor, we filed that earlier
10   this week.
11           MR. RUNYAN:  Good morning, your Honor.  Ed Runyan for
12   defendant Barco.
13           THE COURT:  How are you?  Have you seen the motion to
14   file amended complaint?
15           MR. RUNYAN:  Yes, I have, your Honor.
16           THE COURT:  What's your position?
17           MR. RUNYAN:  I would likely going to oppose that
18   motion, your Honor, and I would also appreciate some guidance
19   from the Court regarding how I need to -- how and when I need
20   to respond to the current pending complaint.
21           Because, you know, I've spent thousands of dollars
22   starting to respond to that, and now there's another amended
23   complaint.  So if I could get some guidance, an extension at
24   least on answering that one until the motion for leave is
25   decided.

1    And possibly the motions that are still pending on
2    the -- that the Court has under advisement for the motion to
3    strike portions of the complaint, and also the motion to
4    dismiss the complaint so I can just respond to one complaint
5    and I know what I'm responding to, your Honor.
6        THE COURT: Yeah, that's -- a little concerned about
7    the serial nature of it, but given the fact of where we are in
8    the case, I'm gonna grant the motion to file a third amended
9    complaint, and I'm gonna set a short status.
10       You're going to file that as a separate docket entry.
11   I'm gonna deny without prejudice the pending motions, and then
12   once we actually see the third amended complaint in its
13   entirety and you've got a chance to look at it, I'm gonna
14   permit you to revive orally whatever portions of your previous
15   filings you need to without having to file any new documents.
16       'Cause my guess based on the memorandum I saw is that
17   a lot of the issues that you've raised in the motions that are
18   currently pending and the Court was about to rule on tomorrow
19   are still gonna be live issues. But I'm not gonna rule on the
20   second amended complaint if there's a third amended complaint
21   'cause that's not a proper thing to do.
22       So how long will it take you to file a third amended
23   complaint as a separate docket entry?
24       MR. CHIACCHIO: We can do that today, your Honor.
25       THE COURT: All right. So that Docket Entry 63's

1   going to be granted.
2           How long do you want to have to take a look at it,
3   Counsel, before we come back and then we can discuss the issues
4   that are still pending as they relate to the third amended
5   complaint?
6           Obviously this was just filed, so I'm not gonna have
7   you do it on the fly.  I want you to have an opportunity to
8   take a look at it 'cause my expectation is is that most of the
9   briefing you've previously done will simply apply to the third
10  amended complaint, and we can talk about it orally.
11          And you can -- I'll let you move to dismiss orally
12  based on your prior -- previous pleadings as to whatever issues
13  you want to assert as to the third amended complaint, and then
14  I'll enter a written ruling on all of it.  How does that sound?
15          MR. RUNYAN:  Your Honor, I think there's a -- there
16  are other issues for a motion to dismiss that also need to be
17  considered in addition to the motions I already have pending.
18          One of them is improper venue.  Under the recent *TC
19  Heartland* decision, venue in this district is now improper.
20          THE COURT:  Okay. Well, let's do this then.  I'm
21  gonna grant Docket Entry 63.  Gonna file an amended complaint
22  by close of business tomorrow, okay?  That will be on Friday.
23          And then, Counsel, do you want to set a status next
24  week, or do you want to go ahead and file an additional motion
25  to dismiss with new issues, or do you want to talk about it

```
 1   first?
 2          MR. RUNYAN:  I want to talk about it first, your
 3   Honor.
 4          THE COURT:  Yeah.
 5          MR. RUNYAN:  The complaint is extensive, and I really
 6   need some time.  And frankly plaintiffs are currently swamping
 7   me with motions and discovery demands --
 8          THE COURT:  Okay.
 9          MR. RUNYAN:  -- all being due in a very short period
10   of time.
11          THE COURT:  Well, I'll tell you, what also I'm gonna
12   do is I'm staying discovery.  Just every stay.  We got to get
13   the pleadings at issue.
14          And right now the serial nature of them is not fair to
15   counsel for him to try to respond to discovery when the
16   complaint is in flux, and the Court is -- obviously has some
17   issues with the pleadings and we need to resolve those.
18          So discovery is stayed.  Docket Entry 63 is granted.
19   The pending motions are denied without prejudice, and then
20   we're gonna have a status next week, and then we're gonna
21   figure out all of our case management dates.
22          Does that sound fair?
23          MR. CHIACCHIO:  Well, your Honor, we just note a
24   couple things.  First of all, when you refer to the serial
25   nature of the filings, your Honor, this third amended complaint
```

1  was necessitated by the fact that counsel produced documents
2  this past -- last Friday, and then we filed -- we promptly
3  filed --
4             THE COURT:  Counsel, I'm not being critical that you
5  did anything improper.  I'm just saying that the pleadings were
6  not at issue and we're having discovery.  Let's get the
7  pleadings at issue so that we don't have to duplicate
8  discovery.
9             So if you came off as I was being critical, I was just
10 stating the obvious is that I was ready to rule on second
11 amended complaint, now we got a third amended complaint.  Which
12 is fine, but let's -- let's get the things done in a proper
13 order.
14            MR. CHIACCHIO:  All right.  Thank you.
15            THE COURT:  Gloria, give me a status date late next
16 week.
17            THE CLERK:  Thursday, October 5th at 9:45.
18            THE COURT:  Is that good for the parties?
19            MR. CHIACCHIO:  Yes.
20            MR. RUNYAN:  May I look at my calendar, please?
21            THE COURT:  Okay, yeah.
22            MR. CHIACCHIO:  Your Honor, one -- with respect to the
23 101 issues we discussed last time we were before your Honor,
24 there was one additional case that was -- decision that was
25 issued last week that, like the other two cases that we

1  discussed with your Honor, the last hearing also dismissed the
2  101 motion. So we wanted to just provide copies if we could.
3  There are now three decisions where the exact same one --
4         THE COURT: Have you given it to opposing counsel?
5         MR. CHIACCHIO: Yes, we have two copies.
6         THE COURT: All right. Then you can pass one up, too.
7  I'll take it.
8         MR. CHIACCHIO: Briefly, your Honor, in that decision,
9  the Court held that there were factual issues concerning the
10 inventiveness that prevented a decision on the 101 issues at
11 the pleading stage, and the Court expressly discusses the other
12 two cases that we talked about last time we were -- went the
13 same way.
14        THE COURT: Okay. Counsel, at the next court date,
15 give me an idea of how long it's going to take you to file a
16 motion to dismiss, a new one, and my expectation is you can
17 just incorporate by -- if you have new issues, that's fine.
18 But I don't want you to have to reinvent the wheel.
19        If an issue is the same because the language is the
20 same, you can just incorporate by reference your prior
21 arguments on the motions that have been denied without
22 prejudice.
23        MR. RUNYAN: Yes, your Honor.
24        THE COURT: Okay?
25        MR. RUNYAN: Uh-huh. I would like to, if I may bring

1   up another issue.

2   　　　　THE COURT:  Yeah, sure.

3   　　　　MR. RUNYAN:  In this case, we -- defendants filed IPRs
4   challenging all the patents.

5   　　　　Am I correct in presuming the Court is familiar with
6   the IPR procedure?

7   　　　　THE COURT:  Yes.

8   　　　　MR. RUNYAN:  Now, those were filed sometime ago, and
9   I've been in contact with the Patent Office and they had a
10  large misindexing.  And so those IPRs were just accorded filing
11  dates last week.

12  　　　　THE COURT:  Okay.

13  　　　　MR. RUNYAN:  They would have been normally accorded
14  filing dates quite a while ago, and we intend to move for a
15  stay pending those IPRs as well.

16  　　　　And I have noted that in cases procedurally very
17  similar to this one, courts in the district have -- have been
18  amenable to that, the one case most similarly to this was in
19  Judge Holderman's court.  I think it was called Ignite
20  versus -- I can't remember the full title.

21  　　　　THE COURT:  Yeah, that same issue has come up before
22  in other -- in other matters.  All I ask is you talk about it
23  with opposing counsel and then do the required meet-and-confer,
24  and then we can take that up on October 5th.

25  　　　　MR. CHIACCHIO:  Your Honor, I would just mention

1   that -- that the exact same issue was raised in a related case
2   in this district before Judge Lefkow, and she denied the motion
3   to stay in the same family of cases.  So I would say that's the
4   most on point.
5           MR. RUNYAN:  There are obviously different factors at
6   play.  And, in fact, I'm reminded that one of the major factors
7   is the extent to which discovery is complete.
8           And I believe that this great rush by plaintiffs to
9   complete a lot of discovery in a very short period of time,
10  they've asked for a 30(b)(6) deposition of foreign witnesses in
11  two weeks.  And they've asked for that -- and asked me to agree
12  to that before I even saw the 30(b)(6) notice.
13          MR. CHIACCHIO:  Your Honor, in this case --
14          THE COURT:  Wait, wait, wait.  Please don't interrupt,
15  Counsel.  Everyone will get a chance to talk.  Don't worry
16  about that.
17          MR. RUNYAN:  So it's my -- my belief in theory that
18  plaintiffs are pushing for all this discovery to artificially
19  manipulate one of the factors that affects whether a stay is
20  granted when there are IPRs pending.
21          MR. CHIACCHIO:  Your Honor, again, I apologize for
22  interrupting.
23          Your Honor, this case was filed in July -- on
24  July 1st of 2016.  Counsel has not responded to our written
25  discovery requests, which we served in February.  There's been

1  zero discovery with the exception of a few documents last
2  Friday that they produced.  This case has been pending for over
3  a year.  So any manipulation and delay has certainly not been
4  on our part.  It's been on counsel's part.
5           THE COURT:  All right.  Anything else to address
6  today?
7           MR. RUNYAN:  As long as discovery is still stayed, I
8  think we can -- we can discuss -- you know, nothing else to
9  discuss today, your Honor.
10          THE COURT:  Excellent.  Thank you, Counsel.
11          MR. CHIACCHIO:  Thank you, your Honor.
12       (Concluded at 10:48 a.m.)
13                    * * * * * * * * * *
14                    C E R T I F I C A T E
15     I certify that the foregoing is a correct transcript of the
16  record of proceedings in the above-entitled matter.
17
18  */s/ LISA H. BREITER*                          *October 4, 2017*
    LISA H. BREITER, CSR, RMR, CRR
19  Official Court Reporter
20
21
22
23
24
25